| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | **NICHOLAS & TOMASEVIC, LLP**<br>Craig M. Nicholas (SBN 178444)<br>Alex Tomasevic (SBN 245598)<br>Shaun Markley (SBN 291785)<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>Tel: (619) 325-0492<br>Fax: (619) 325-0496<br>Email: cnicholas@nicholaslaw.org<br>Email: atomasevic@nicholaslaw.org<br>Email: smarkley@nicholaslaw.org |
| 7 | Attorneys for Plaintiff |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LEAF TRADING CARDS, LLC, a Texas limited liability corporation,<br><br>Defendant. | **CASE NO.** '17CV2364 BEN BLM<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS;**<br><br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br><br>**(3) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Upper Deck Company, a Nevada corporation, registered in California as The Upper Deck Company, a Nevada corporation ("Upper Deck" or "Plaintiff") alleges as follows:

### THE PARTIES

1. Plaintiff is, and at all relevant times was, a corporation organized and existing under and by virtue of the laws of the State of Nevada. Plaintiff is authorized to conduct business in California, and has its principle place of business at 5830 El Camino Real, Carlsbad, County of San Diego, California.

COMPLAINT

2. Defendant Leaf Trading Cards, LLC, ("Leaf" or "Defendant") is, and at all relevant times was, a limited liability corporation organized and existing under and by virtue of the laws of the State of Texas. Leaf has its principle place of business in Carrollton, Texas.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is a Nevada resident with a principle place of business in California and Defendant is a Texas resident with its principle place of business in Texas. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. This Court has personal jurisdiction over Defendant because it conducts substantial business in California. Defendant intentionally availed itself to the laws and markets of California through operation of its business in California.

5. Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(a) through (c). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## GENERAL FACTS

### Leaf's Violation of Upper Deck's Exclusive Rights Granted Under Various Agreements

6. Upper Deck has exclusive trading card licenses with many notable athletes, such as Michael Jordan, Bobby Orr, Patrick Roy, and Wayne Gretzky (collectively "Upper Deck Athletes"). Among other things, these agreements provide Upper Deck an exclusive license to use the players' name, likeness, and other personality/publicity rights on trading cards.

7. Leaf has no similar agreement with Upper Deck Athletes. Despite this, and with knowledge of Upper Deck's exclusive contracts, Leaf uses the Upper Deck Athletes' names, likenesses, and other personality/publicity rights on and in connection with the sale of trading cards. For example:








8. Upper Deck repeatedly warned Leaf that such use violates its exclusive agreements as well as the underlying rights of Upper Deck Athletes. Despite such warning, Leaf continues to blatantly misappropriate Upper Deck Athletes' personality and publicity rights and infringe on Upper Deck's rights.

# FIRST CAUSE OF ACTION
# BY PLAINTIFF AGAINST DEFENDANT FOR FALSE DESCRIPTIONS AND MISLEADING REPRESENTATIONS

9. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

10. Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a), prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services.

11. By making trading cards bearing the publicity rights of Upper Deck Athletes, Leaf makes a false description and misleading representation as to sponsorship, approval, or right to use. This is both based on both the contents of the goods and their advertising. Below are examples of Leaf advertising an infringing product by using an Upper Deck Athlete's personality and publicity rights:










12. The right to sell the products at issue and perceived sponsorship and approval is likely to influence customers' purchasing decisions and has a tendency to deceive customers.

13. Defendant's actions are likely to cause confusion, to cause mistake, or to deceive the relevant buying market as to the affiliation, connection, or association of Upper Deck Athletes with Defendant, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

14. Leaf sells these goods and products in commerce.

15. Upper Deck is damaged and believes it will continue to be damaged by Leaf's false descriptions and representations through direct diversion of sales and/or through a lessening of goodwill associated with Upper Deck's products. Upper Deck bears the expense and obligation of contracting with Upper Deck Athletes to obtain an exclusive license relating to trading cards, yet Leaf seeks to exercise the same rights as Upper Deck in advertising and selling its trading card products.

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

16. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

17. Plaintiff was, and continues to be, in an economic relationship with Upper Deck Athletes. These relationships are meant to and should result in an economic benefit to Upper Deck—namely in the form of its exclusive right to produce trading cards bearing the publicity rights of Upper Deck Athletes.

18. Leaf knew of Upper Deck's relationships with these entities and intended to disrupt these relationships by making trading cards bearing the publicity rights of Upper Deck Athletes. Leaf's conduct in this respect is improper as it has no valid right to engage in this activity.

19. Through its actions, Leaf has disrupted and diluted the above-mentioned relationships and harmed Upper Deck, who paid and continues to pay large sums for these exclusive rights, while not receiving the full advantage of exclusivity that it bargained for.

20. Leaf's behavior in this respect, and continued violations of Upper Deck's rights despite its repeated warnings to stop, are willful, wanton and reckless, such that an award of punitive damages is appropriate.

## THIRD CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

21. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

22. Plaintiff has exclusive trading card agreements with Upper Deck Athletes. These contracts are meant to and should result in an economic benefit to

Upper Deck—namely in the form of its exclusive right to produce trading cards bearing the publicity rights of Upper Deck Athletes.

23. Leaf knew of Upper Deck's contracts with these entities and intended to disrupt the contracts by making trading cards bearing the publicity rights of Upper Deck Athletes. Leaf's conduct in making competing and infringing trading cards harms and prevents performance of the exclusive contracts.

24. Leaf's conduct in this respect is improper as it has no valid right to engage in this activity.

25. Through its actions, Leaf has disrupted the above-mentioned contracts and harmed Upper Deck who paid and continues to pay large sums for these exclusive rights while not receiving the full advantage of exclusivity that it bargained for.

26. Leaf's behavior in this respect, and continued violations of Upper Deck's rights despite its repeated warnings to stop, are willful, wanton and reckless, such that an award of punitive damages is appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory and consequential damages according to proof;
2. For statutory damages and penalties according to proof;
3. For an injunction to prohibit Defendant to engage in the unfair business practices complained of here;
4. For pre-judgment interest as allowed by California Civil Code Section 3287;
5. For punitive damages where applicable;
6. For reasonable attorneys' fees, expenses, and costs as provided by statute; and
7. For such other relief that the court may deem just and proper.

# **REQUEST FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

DATED: November 21, 2017        **NICHOLAS & TOMASEVIC, LLP**

By: /s/ Craig Nicholas
Craig M. Nicholas
Alex M. Tomasevic
Shaun A. Markley
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

*Attorneys for Plaintiff*

8
COMPLAINT